The INLAND SEAS BOAT COMPANY et al., Plaintiffs-Appellants,

v.

BUCKEYE UNION INSURANCE CO., Defendant-Appellee.

No. 75–1651.

United States Court of Appeals, Sixth Circuit.

Argued Dec. 8, 1975.

Decided April 27, 1976.

Denied June 3, 1976.

Charles W. Waterfield, Flynn Ply & Kruse Co., M. J. Stauffer, Sandusky, Ohio, for plaintiffs-appellants.

David G. Davies, Cleveland, Ohio, for defendant-appellee.

Before PHILLIPS, Chief Judge, WEICK, Circuit Judge, and CHURCHILL, District Judge.*

CHURCHILL, District Judge.

Thomas G. Snavely purchased a 42-foot power boat, the *Molly Jane*, from its builder, the Inland Seas Boat Company, in April of 1970. On May 10, 1970, Snavely experienced difficulty with the electrical system, and the boat was returned to Inland Seas for correction of the defect. The boat was docked for the work at the Venetian Marina, an unincorporated business owned by one Archie Lang, who was also the president of Inland Seas, the boat building corporation. The two businesses were located on adjacent premises, with the only docking facilities available to Inland Seas being the marina facilities which were part of the Venetian Marina.

While at the dock undergoing work on the electrical system, the boat was severely damaged by fire. Part of the loss was paid to Snavely by his fire insurer, Federal Insurance Company. In two separate non-injury actions, consolidated for the purposes of trial, Snavely and Federal Insurance Company obtained interlocutory judgments that the defendants in those suits, Archie K. Lang, Archie K. Lang d/b/a Venetian Marina, and Inland Seas Boat Company, were liable for the damage to the vessel.

At the time of the damage to the *Molly Jane*, there was in effect a liability insurance policy issued by the Buckeye Union Insurance Company. Named as insureds on the policy were Archie K. Lang d/b/a Venetian Marina and/or Archie K. Lang d/b/a Inland Seas Boat Co.[1] The policy covered liability for loss or damage to private pleasure boats while in the care, custody or control of the insureds at the described premises for repair, alteration or maintenance. The damage action by Snavely and Federal Insurance Company had been defended by Buckeye under a reservation of rights.

In this, the third action arising out of the damage to the *Molly Jane*, the Inland Seas Boat Company, Archie K. Lang, and Archie K. Lang d/b/a Venetian Marina, seek a declaratory judgment that their liability to Snavely and Federal Insurance Company is covered by the terms of their liability insurance policy with Buckeye Union Insurance Company. By stipulation, this action was tried by the court on the record of the first two actions.

The trial judge, who had also tried the other actions, properly concluded that the Buckeye liability policy was intended to

* Honorable James P. Churchill, United States District Judge for the Eastern District of Michigan, sitting by designation.

1. The parties stipulated that Inland Seas Boat Company, Inc., which was inadvertently excluded as a named insured on the face of the policy when originally issued, has been recognized by the defendant to be insured thereunder and entitled to the same coverage as those expressly named.

cover liability arising out of the insureds' activities which were incidental to the operation of the marina, including repair, alterations, and maintenance of pleasure boats, and that the policy was not intended to cover liability arising out of activities incidental to the ship-building operations of the insureds.

This construction of the liability policy is not disputed on appeal. The appellate issue is whether the trial court erred in applying the policy, as thus construed, to the established situation revealed by the record.

In a memorandum opinion in the first cases, the court did not distinguish between the bases of liability of the boat building corporation and of the unincorporated marina. The court said:

> "It is clear that at the time of the fire, *the defendants were bailees in possession of the vessel for the purpose of repairing it*, and were in fact working upon it at the time the fire started, . . .
> (Emphasis added.)
>
> "When a vessel is delivered for repairs a bailment is created. If the bailee redelivers the vessel in a damaged condition, a presumption arises that the damage was caused by the bailee's fault."

In this case, the trial court made, in effect, a de novo determination of the basis of liability with the following language in its final opinion and order:

> "The Court concludes that Lang took possession of the *Molly Jane* in his capacity as a builder of the vessel, and not in his capacity as a marina operator contracted merely for repairs to a boat. Lang was under a contractual obligation to Snavely to remedy the defect in the ship's electrical system and the plumbing defect and it was the relationship of builder-purchaser which occasioned Snavely giving Lang possession of the boat."

In some cases, as where there is a general verdict in the first action, it might be difficult for a court in a subsequent action for declaratory relief to ascertain which of several theories of liability was the basis upon which liability was determined. In such a case, the insured may be hard-pressed to prove the right to be indemnified under the policy. Where, as here, there is an authoritative, unambiguous statement of the theory of liability made by the finder of fact, the court in the declaratory judgment action is not free to modify such determination. The correctness of the original determination of the basis of liability is not an issue in the subsequent suit to determine coverage under the liability policy. Consistent with that original finding, we have no choice on this appeal but to reverse and remand for entry of an order declaring coverage under the policy.